UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BYRON ESTRADA,<br><br>            Plaintiff,<br><br>     v.<br><br>REAL TIME RESOLUTIONS INC., et al.,<br><br>            Defendants. | Case No.  25-cv-02782-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO REMAND; AND DENYING PLAINTIFF'S EMERGENCY MOTION TO REMAND**<br><br>[Re: ECF No. 8, 17] |

This lawsuit is brought by pro se Plaintiff Byron Estrada ("Plaintiff") against Defendants Real Time Resolutions Inc. ("Real Time") and Direct Default Services, LLC ("Direct Default") (collectively, "Defendants"). In the Complaint, Plaintiff asserts the following claims against both Defendants: 1) violation of the Truth in Lending Act; 2) violation of the Federal Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692-1692p and California's Rosenthal Fair Debt Collection Practices Act, Civil Code §§ 17898 et seq.; 3) promissory estoppel; 4) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200; 5) wrongful foreclosure; 6) negligent misrepresentations; 7) violation of California Civil Code § 2924.17; 8) violation of 15 U.S.C. § 1692g – validation of debts; 9) misrepresentation in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e; 10) financial duress under California Civil Code §§ 1542, 1569 and 1692; and 11) resetting statute of limitations for claims brought under California Civil Code §§ 1569 and 1692. ECF 1-3 ("Comp.").

Before the Court are 1) Plaintiff's Motion to Dismiss six claims against Direct Default: Claim 1: violation of the Truth in Lending Act; Claim 2: violation of the Federal Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692-1692p and California's Rosenthal Fair Debt Collection

Practices Act, Civil Code §§ 17898 et seq.; Claim 8: violation of 15 U.S.C. § 1692g – validation of debts; Claim 9: misrepresentation in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e; Claim 10 financial duress under California Civil Code §§ 1542, 1569 and 1692; and Claim 11 resetting statute of limitations for claims brought under California Civil Code §§ 1569 and 1692, ECF 8; 2) Plaintiff's Motion to Remand, ECF 8; and 3) Plaintiff's emergency Motion to Remand, ECF 17. Real Time filed an opposition to Plaintiff's Motion to Dismiss and Motion to Remand. ECF 12. Plaintiff filed a reply. ECF 14. The Court finds Plaintiff's motions are appropriate for decision without oral argument, and it hereby VACATES the hearing set for July 10, 2025.

For the following reasons, the Court GRANTS Plaintiff's motion to dismiss, DENIES Plaintiff's Motion to Remand WITHOUT PREJUDICE, and DENIES Plaintiff's Emergency Motion to Remand.

**I. BACKGROUND**

The lawsuit was originally filed on November 27, 2024, in the Superior Court of the State of California for the County of Santa Clara. ECF 1-3 at Page 2. On March 18, Real Time filed an Answer to Plaintiff's Complaint ECF 1-3 at Page 157. On March 25, Real Time filed a Notice of Removal in the United States District Court for the Northern District of California. ECF 1. The Notice of Removal asserted that removal was proper under 28 U.S.C. § 1441(a) because "this Court has original jurisdiction under 28 U.S.C. § 1331 by virtue of Plaintiff's" claims brought under the Fair Debt Collection Practices Act. ECF 1 ¶ 3.

**II. LEGAL STANDARD**

**A. Voluntary Dismissal**

Federal Rules of Civil Procedure provides that a district court may grant a plaintiff's request for voluntary dismissal "upon such upon such terms and conditions as the court deems proper." It is within the district court's discretion to decide whether to grant a voluntary dismissal. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

**B. Motion to Remand**

A civil action brought in a state court can be removed if the complaint contains a federal claim over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a); *id.* § 1331. "It

is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (internal alterations omitted).

"The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 861 (9th Cir. 2003)). Original "federal question" jurisdiction exists in a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal–question jurisdiction is governed by the 'well– pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *In re NOS Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1057 (9th Cir. 2007) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

### III. DISCUSSION

#### A. Motion to Dismiss

In the Motion to Dismiss, Plaintiff moves to dismiss six claims as to Direct Default: Claim 1: violation of the Truth in Lending Act; Claim 2: violation of the Federal Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692-1692p and California's Rosenthal Fair Debt Collection Practices Act, Civil Code §§ 17898 et seq.; Claim 8: violation of 15 U.S.C. § 1692g; Claim 9: misrepresentation in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e; Claim 10: financial duress under California Civil Code §§ 1542, 1569 and 1692; and Claim 11: resetting statute of limitations for claims brought under California Civil Code §§ 1569 and 1692. ECF 8 at 2-3. The Court construes Plaintiff request as a motion for voluntary dismissal those claims pursuant to Federal Rule of Civil Procedure 41(a)(2). Real Time does not object to Plaintiff's request to voluntary dismiss those claims against Direct Default. ECF 12 at 3.

Plaintiff's motion to dismiss Claims 1, 2, 8, 9, 10, and 11 against Direct Default is GRANTED. Plaintiff's Claims 1, 2, 8, 9, 10, and 11 REMAIN as to Defendant Real Time

1 Resolutions, Inc.

### B. Motion to Remand

With respect to Plaintiff's motion to remand, he argues that the removal is untimely. ECF 8 at 4. Plaintiff argues that Direct Default has not been properly joined or consented the removal. ECF 8 at 6. Plaintiff further argues that remand is warranted because the Court lacks subject matter jurisdiction. *Id.*

In response, Real Time argues that its removal is timely and that Direct Default has now joined Real Time's removal. ECF 12 at 5. Real Time argues that the Court still has jurisdiction over Plaintiff's claims against Real Time and Direct Default. *Id.* at 6.

First, Real Time's removal is timely. The removal statute provides that the notice of removal must be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Plaintiff argues that he properly served Real Time on February 6, 2025, and Real Time's removal should occur no later than March 6, 2025. But the proof of service states that Plaintiff served "Real Time Solutions Inc." as opposed to "Real Time Resolutions Inc." ECF 1-3 at Page 103. Thus, Plaintiff did not properly serve Real Time on February 6, 2025.

Here, Real Time's counsel declared that Real Time was not formally served with the Complaint at the time of the removal, and it nonetheless answered the Complaint on March 18, 2025. ECF 1-1, Trakhtenbroit Decl. at 2. Real Time filed its notice of removal on March 25, 2025, ECF 1, and thus its removal is timely. *See Mattingly v. Just.*, No. 24-CV-03061-EMC, 2024 WL 3669473, at *2 (N.D. Cal. Aug. 5, 2024), *appeal dismissed sub nom. Mattingly, Tr. of Leabig Tr. v. Just.*, No. 24-5068, 2024 WL 4824044 (9th Cir. Sept. 20, 2024).

Second, the Court finds that Direct Default has now joined Real Time's removal. "All defendants who have been 'properly ... served in the action' must join a petition for removal." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). "A procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002). Here, Direct Default has consented to join

Real Time's removal. *See* ECF 12-1.

Third and most importantly, the Court finds that it still has subject matter jurisdiction over this action. Here, although Plaintiff's federal claims against Direct Default are dismissed, his complaint still contain federal claims against Real Time, and the Court still has federal question jurisdiction over the case. *See In re NOS Commc'ns, MDL No. 1357*, 495 F.3d at 1057. Accordingly, the Court DENIES Plaintiff's motion to remand and Plaintiff's emergency motion to remand.

It appears that Plaintiff's intent may have been to dismiss all federal claims against all defendants to facilitate remand. ECF 8 at 2. But Plaintiff has not dismissed his federal claims against Real Time. Thus, this Court retains subject matter jurisdiction. If Plaintiff decides to dismiss his federal claims against Real Time, the Court will entertain another motion to remand.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Plaintiff's motion to dismiss Claim 1: violation of the Truth in Lending Act; Claim 2: violation of the Federal Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692-1692p and California's Rosenthal Fair Debt Collection Practices Act, Civil Code §§ 17898 et seq.; Claim 8: violation of 15 U.S.C. § 1692g; Claim 9: misrepresentation in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e; Claim 10: financial duress under California Civil Code §§ 1542, 1569 and 1692; and Claim 11: resetting statute of limitations for claims brought under California Civil Code §§ 1569 and 1692 against Defendant Direct Default Services, LLC is GRANTED. Those claims are STRICKEN as to Defendant Direct Default Services, LLC. Those claims REMAIN as to Defendant Real Time Resolutions, Inc.

(2) Plaintiff's motion to remand is DENIED WITHOUT PREJUDICE.

(3) Plaintiff's emergency motion to remand is DENIED.

Dated: April 29, 2025

_____
BETH LABSON FREEMAN
United States District Judge