United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| BYRON ESTRADA, <br>     Plaintiff, <br> v. <br> REAL TIME RESOLUTIONS INC., et al., <br>     Defendants. | Case No. 25-cv-02782-BLF <br><br> **ORDER DENYING TEMPORARY RESTRAINING ORDER** <br><br> [Re: ECF No. 20] |

On May 9, 2025, Plaintiff Byron Estrada ("Plaintiff"), proceeding *pro se*, filed a motion for a temporary restraining order to enjoin Defendants from foreclosing Plaintiff's property at 874 Lakewood Dr., Sunnyvale, CA 94089 ("the Property"), "[a]ccruing additional interest on the disputed debt," and "[e]ngaging in further collection activities." ECF 20 ("Mot."). On May 14, Defendant Real Time Resolutions Inc. ("Real Time") filed an opposition. ECF 24 ("Opp."). On May 19, 2025, the Court held a hearing on Plaintiff's motion. Plaintiff failed to appear. Defense Counsel did appear.

For the reasons discussed below, Plaintiff's motion is DENIED WITHOUT PREJUDICE to filing a noticed motion for a preliminary injunction.

## I. BACKGROUND

Plaintiff alleges that on September 14, 2006, he obtained a second mortgage loan from GreenPoint Mortgage Funding, Inc. secured by a deed of trust on the Property. Mot. at 9; ECF 1-3 at Page 20. Real Time is the current servicer of Plaintiff's loan. ECF 24-1, Declaration of Samuel Trakhtenbroit ("Trakhtenbroit Decl.") at 3. The Property is Plaintiff's primary residence. Mot. at 3. On August 27, 2021, Real Time C/O Defendant Direct Default Services, LLC ("Direct Default") entered a Notice of Default and Election to Sell Under Deed of Trust. ECF 1-3 at Page 28-29.

1  On November 27, 2024, Plaintiff filed this lawsuit against Defendants Real Time Resolutions Inc. ("Real Time") and Direct Default Services, LLC ("Direct Default") (collectively, "Defendants") in the Superior Court of the State of California for the County of Santa Clara. ECF 1-3 at Page 2. In the Complaint, Plaintiff asserts the following claims against both Defendants: 1) violation of the Truth in Lending Act; 2) violation of the Federal Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692-1692p and California's Rosenthal Fair Debt Collection Practices Act, Civil Code §§ 17898 et seq.; 3) promissory estoppel; 4) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200; 5) wrongful foreclosure; 6) negligent misrepresentations; 7) violation of California Civil Code § 2924.17; 8) violation of 15 U.S.C. § 1692g – validation of debts; 9) misrepresentation in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e; 10) financial duress under California Civil Code §§ 1542, 1569 and 1692; and 11) resetting statute of limitations for claims brought under California Civil Code §§ 1569 and 1692. ECF 1-3 ("Comp.").

On March 18, 2025, Real Time filed an Answer to Plaintiff's Complaint. ECF 1-3 at Page 157. On March 25, 2025, Real Time filed a Notice of Removal in the United States District Court for the Northern District of California. ECF 1. On April 14, 2025, Direct Default consented to join Real Time's removal. *See* ECF 12-1. On April 29, 2025, the Court granted Plaintiff's motion to dismiss Claim 1: violation of the Truth in Lending Act; Claim 2: violation of the Federal Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692-1692p and California's Rosenthal Fair Debt Collection Practices Act, Civil Code §§ 17898 et seq.; Claim 8: violation of 15 U.S.C. § 1692g; Claim 9: misrepresentation in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e; Claim 10: financial duress under California Civil Code §§ 1542, 1569 and 1692; and Claim 11: resetting statute of limitations for claims brought under California Civil Code §§ 1569 and 1692 against Direct Default, and denied plaintiff's motion to remand. ECF 18.

**II.   LEGAL STANDARD**

Courts use the same standard for issuing a temporary restraining order as that for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (internal quotation marks and citation omitted)). An injunction is a matter of equitable discretion and is "an

extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

### III.  DISCUSSION

The Court finds that Plaintiff has failed to meet his burden to demonstrate that he is likely to suffer irreparable harm and that he is likely to succeed on the merits.

First, Plaintiff's alleged harm is not irreparable. Many courts have recognized that "losing one's home through foreclosure constitutes irreparable harm." *Osorio v. Wells Fargo Bank,* No. C 12–02645 RS, 2012 WL 1909335, *3 (N.D. Cal. May 24, 2012). But, here, there is no pending foreclosure on Plaintiff's property. *See* Mot. at 6; Opp. at 3; ECF 24-1, Trakhtenbroit Decl. at 3. Plaintiff offers no facts or evidence showing a foreclosure is indeed ongoing or will be initiated. Indeed, Real Time explains that it remains prohibited by applicable law from initiating foreclosure. ECF 24-1. Trakhtenbroit Decl. (citing 12 C.F.R. § 1024.41(f)(1)). As to Plaintiff's other requests, he argues that the daily interest rates on his default debt is high and that "there is no feasible way for [him] to escape this debt or resolve it equitably." Mot. at 8. Plaintiff argues that he "will imminently suffer irreparable financial harm" that cannot be remedied by monetary compensation. Mot. at 6. Plaintiff also seeks monetary relief and fees, including "the $12,874.20 upfront payment made under duress." Mot. at 19. But Plaintiff has failed to demonstrate why he is entitled to the relief he seeks, or that Defendants' collection activities or the accruing interest on the defaulted debt will cause any irreparable harm. *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish

3

1  standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary
2  injunctive relief.").

3  Second, Plaintiff has failed to show a likelihood of success on the merits. Plaintiff's
4  complaint is hard to follow, but his eleven causes of action appear to be premised on the argument
5  that Real Time "lack[s] [] substantiated legal ownership of the debt" and refuses "to collaborate in
6  reaching an equitable solution." Mot. at 6. As Plaintiff acknowledges, Defendants' conduct is at
7  most "questionable." Mot. at 6. The Court finds that Plaintiff has failed to present any evidence to
8  support his theory and has failed to meet the likelihood of success on the merits requirement. Indeed,
9  California courts and other courts in the Northern District have rejected substantially similar theories
10 about a defendant's alleged lack of ownership in mortgage notes. *See, e.g., Boyd v. GMAC Mortg.*
11 *LLC*, No. C 11-5018 PSG, 2011 WL 6025906, at *4 (N.D. Cal. Dec. 5, 2011) (collecting
12 cases); *Kimball v. BAC Home Loans Servicing, LP*, No. 10-CV-05670-LHK, 2011 WL 577418, at
13 *2 (N.D. Cal. Feb. 9, 2011) (holding that a plaintiff alleging a similar "securitization scheme" to
14 show that defendants did not have authority to initiate a foreclosure sale failed to show a likelihood
15 of success on the merits to obtain a TRO).

16 Having concluded that Plaintiff has failed to establish irreparable harm or a likelihood of
17 success, the Court need not reach the remainder of the *Winter* factors. *See Pimentel v. Dreyfus*, 670
18 F.3d 1096, 1111 (9th Cir. 2012) ("[A]t an irreducible minimum the moving party must demonstrate
19 a fair chance of success on the merits, or questions serious enough to require litigation." (quotation
20 marks and citation omitted)).

21 **IV.   ORDER**

22 For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Byron Estrada's Motion
23 for a Temporary Restraining Order (ECF 20) is DENIED WITHOUT PREJUDICE to filing a
24 noticed motion for a preliminary injunction.

26 Dated: May 19, 2025

27 _____
   BETH LABSON FREEMAN
28 United States District Judge

4