# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| BYRON ESTRADA,<br><br>             Plaintiff,<br><br>     v.<br><br>REAL TIME RESOLUTIONS INC., et al.,<br><br>             Defendants. | Case No.  25-cv-02782-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING TEMPORARY RESTRAINING ORDER**<br><br>[Re:  ECF No. 29] |

On May 27, 2025, Plaintiff Byron Estrada ("Plaintiff"), proceeding *pro se*, filed a Motion for Reconsideration seeking reconsideration of the Court's Order Denying Temporary Restraining Order at ECF 26. ECF 29. After considering Plaintiff's paper, the Court DENIES Plaintiff's Motion for Reconsideration.

**I.     BACKGROUND**

On May 9, 2025, Plaintiff field a motion for a temporary restraining order to enjoin Defendants from foreclosing Plaintiff's property at 874 Lakewood Dr., Sunnyvale, CA 94089, "[a]ccruing additional interest on the disputed debt," and "[e]ngaging in further collection activities." ECF 20.  On May 12, 2025, the Court issued an order setting briefing schedule for Plaintiff's motion for a temporary restraining order. ECF 22. In that order, the Court set a hearing on Plaintiff's motion on Monday, May 19, 2025, at 9:00 a.m. *See id.* The Court ordered Plaintiff to not file a reply brief. *See id.* On the same day, the Court issued a Clerk's notice setting motion hearing on Plaintiff's motion for a temporary restraining order and served Plaintiff the Clerk's notice by first class mail to his address of record. *See* ECF 23.

On May 14, 2025, Defendant Real Time Resolutions Inc. ("Real Time") filed an opposition. ECF 24. On May 19, 2025, the Court held a hearing on Plaintiff's motion. ECF 25. Plaintiff failed

1  to appear. Defense Counsel did appear. On May 19, 2025, the Court denied Plaintiff's motion for a
2  temporary restraining order without prejudice to filing a noticed motion for a preliminary injunction.
3  ECF 26. On May 20, 2025, the Court received Plaintiff's reply in support of his motion for a
4  temporary restraining order. ECF 28. On May 21, 2025, the Court reviewed the reply brief and
5  confirmed that there was no basis to issue a temporary restraining order. ECF 28.

## II. LEGAL STANDARD

Trial courts have inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment. Fed. R. Civ. P. 54(b). The substantive standard governing reconsideration of an interlocutory order is the same as that which governs motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted). Furthermore, "[a] motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

The Northern District of California also has local rules governing motions for reconsideration. A motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c).

## III. DISCUSSION

Plaintiff argues that the Court has failed to consider Plaintiff's exhibits in denying his motion

1  for a temporary restraining order. Mot. at 4. Plaintiff argues that he is likely to succeed on the merits
2  because Real Time has been sued "several times for lack of ownership." Mot. at 5. Plaintiff further
3  argues that he "is suffering irreparable harm" due to his "emotional and financial situation" even if
4  foreclosure has not been initiated. Mot. at 6.

5  Having considered Plaintiff's arguments, the Court DENIES his Motion for
6  Reconsideration. The Court finds that there is no change in law or facts that warrants a grant of
7  temporary restraining order. As the Court previously explained, Plaintiff's theory that Real Time
8  lacks ownership of his mortgage notes is frequently rejected by other courts in the Northern District.
9  *See* ECF 26 at 4 (citing *Boyd v. GMAC Mortg. LLC*, No. C 11-5018 PSG, 2011 WL 6025906, at *4
10 (N.D. Cal. Dec. 5, 2011) and *Kimball v. BAC Home Loans Servicing, LP*, No. 10-CV-05670-LHK,
11 2011 WL 577418, at *2 (N.D. Cal. Feb. 9, 2011)). Plaintiff also fails to explain why his alleged
12 "emotional and financial" harm is irreparable.

13 Plaintiff also argues that he was not served with Defendants' opposition or the Clerk's notice
14 on motion hearing. ECF 29 at 3. But the Clerk's docket entry shows that the notice of a hearing on
15 Plaintiff's motion for a temporary restraining order was served through first class mail to Plaintiff's
16 address of record on May 12, 2025. ECF 22. However, no hearing was held when Plaintiff did not
17 appear. As reflected by the minute entry for the hearing, the hearing lasted only 6 minutes and no
18 argument was made by Defendants. *See* ECF 25. Additionally, Plaintiff filed a reply in support of
19 his motion for a temporary restraining order on May 20, 2025. ECF 27. The Court considered all
20 evidence submitted, including Plaintiff's exhibits and reply brief, and found Plaintiff's motion for a
21 temporary restraining order was properly denied. *See* ECF 26, 28.

22 Plaintiff also states that the Court denied his motion for "preliminary injunction." *See* ECF
23 29 at 1, 3. To clarify, Plaintiff sought a temporary restraining order. ECF 20 at 2, 19. The Court
24 denied Plaintiff's request for a temporary restraining order only. ECF 26 at 4. Plaintiff may file a
25 noticed motion for a preliminary injunction.

26 **IV.   ORDER**

27 For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Byron Estrada's Motion
28 for Reconsideration of the Court's Order Denying Plaintiff's Motion for a Temporary Restraining

3

1  Order is DENIED.

3  Dated: June 6, 2025

*[signature]*
BETH LABSON FREEMAN
United States District Judge