United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

BYRON ESTRADA,

          Plaintiff,

    v.

REAL TIME RESOLUTIONS INC., et al.,

          Defendants.

Case No.  5:25-cv-02782-BLF

**ORDER DENYING PLAINTIFF'S REQUEST FOR APPROVAL OF NOTICE PENDING ACTION**

Before the Court is pro se Plaintiff Byron Estrada's request under California Code of Civil Procedure section 405.21 for approval of a notice of pending action to be recorded against the real property involved in this case, based on his fraud and quiet title claims.  ECF No. 70 ("Mot."). Defendant Real Time Resolutions ("RTR") filed an opposition brief.  ECF No. 78 ("Opp."). Mr. Estrada filed a "notice of errata" to RTR's opposition brief, which the Court will construe as his reply.  ECF No. 79 ("Reply").  The request is DENIED.

A lis pendens is a recorded document giving constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice.  The effect of such notice is that anyone who acquires an interest in the property after the action has been filed will be bound by any judgment which may thereafter be rendered in the action.   Section 405.21, which displaces the common law in California, *see Allied Eastern Financial v. Goheen Enterprises*, 265 Cal. App. 2d 131, 132, (1968), provides that "a judge of the court in which an action that includes a real property claim is pending may, upon the request of a party thereto, approve a notice of pendency of action."  The statute defines a "real property claim" as "the cause or causes of action in a pleading which would, if meritorious, affect (a) title to, or the right to possession of, specific real property or (b) the use of an easement identified in the pleading, other

United States District Court
Northern District of California

than an easement obtained pursuant to statute by any regulated public utility."  Cal. Code Civ. Proc. § 405.4.

While Mr. Estrada characterizes his fraud claim as "involve[ing] a real property claim," Mot. at 1, the Court has no trouble in concluding otherwise.  This is because it is not apparent from the pleadings that Mr. Estrada would be entitled to any relief other than damages if he prevails on his fraud claim.  *See Helppi v. Bowman*, No. 07-cv-00853-RS, 2007 WL 1521570, at *1 (N.D. Cal. May 23, 2007) (explaining that a claim for which "remedies would be limited to damages" does not constitute a real property claim under Cal. Code Civ. Proc. § 405.21); *accord Urez Corp. v. Superior Ct.*, 190 Cal. App. 3d 1141, 1145 (1987) ("[A]n action for money damages alone will not support a lis pendens.")  Because Mr. Estrada does not dispute that he owes the principal amount, and that he is in default, his success on the fraud claim based on RTR's alleged concealment of the loan's charge-off status to induce him into the temporary payment agreement would not entitle him to any relief other than damages.  Because Mr. Estrada's fraud claim, even if colorable, would not entitle him to any relief beyond damages, it is not a real property claim under California law and accordingly cannot support his request under Cal. Code. Civ. Proc. 405.21.

Mr. Estrada's quiet title claim similarly does not warrant approval of a notice of lis pendens here because he has not even attempted to cure the defect identified in the Court's previous order granting Defendants' motion to dismiss.  In dismissing Mr. Estrada's first amended complaint, the Court ruled that Mr. Estrada failed to allege that either Defendant claimed a superior and adverse title to the property at issue, specifically explaining that Mr. Estrada's vague, conclusory allegations that Defendants had created a "cloud" on his title by recording a notice of default and notice of trustee's sale failed to state a claim because such notices do not create an adverse interest in the property.  ECF No. 63 at 11.  Mr. Estrada's quiet title claim in the second amended complaint is based on the exact same theory, alleging that Defendants "assert[] an adverse interest in the Property by recording a Notice of Default . . . and a Notice of Trustee's Sale."  ECF No. 64 ¶ 42; *see also* Mot. at 2 ("The recorded Notice of Default . . . and Notice of Trustee's Sale . . . remain in the public record, constituting a persistent cloud of title . . . .").  Because the claim is facially meritless and subject to an upcoming motion to dismiss, the Court

finds that approval of lis pendens is not warranted. *See, e.g.*, *Becker v. Wells Fargo Bank, N.A., Inc.*, No. 12-cv-00501-KJM, 2012 WL 913710, at *1 (E.D. Cal. Mar. 16, 2012) ("Since plaintiff's claim . . . appears to have no merit, defendant would be entitled to expungement of the notice of any lis pendens. Under these circumstances, the court does not find a lis pendens is warranted.").

For the foregoing reasons, IT IS HEREBY ORDERED that Mr. Estrada's request for approval of a notice of pending action is DENIED.

**IT IS SO ORDERED.**

Dated: April 14, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

3