United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

BYRON ESTRADA,

        Plaintiff,

    v.

REAL TIME RESOLUTIONS INC., et al.,

        Defendants.

Case No.  5:25-cv-02782-BLF

**ORDER DENYING MOTION FOR RECONSIDERATION**

[Re: ECF No. 86]

Pro se Plaintiff Byron Estrada moves for reconsideration of the Court's order denying his request for approval of a notice of pending action.  ECF No. 86.  Mr. Estrada argues that the Court "committed a manifest failure to consider dispositive legal authority—California Civil Code § 2924.13," *id.* at 3, which provides as follows: "Upon a borrower's petition to the court for relief before the foreclosure sale, the court shall enjoin a proposed foreclosure sale pursuant to a power of sale in a subordinate mortgage until a final determination on the petition has been made."  Cal. Civ. Code § 2924.13(d).

A motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments.  Civ. L.R. 7-9(b).  The moving party may not reargue any written or oral argument previously asserted to the court.  Civ. L.R. 7-9(c).

Mr. Estrada now urges that, based on California Civil Code § 2924.13, the Court should "find Plaintiff has established the 'probable validity' of a real property claim as required by CCP §

405.3 and authorize the Lis Pendens." ECF No. 86 at 4. Mr. Estrada's argument is difficult to parse but appears to incorrectly conflate the Court's authority to enjoin a foreclosure sale and record a lis pendens. To the extent Mr. Estrada argues that section 2924.13 transforms his factual allegations into a real property claim for the purpose of a notice of a pending action, he is mistaken. He is similarly mistaken in his assertion that section 2924.13 imposes on the Court a "mandatory duty" to grant his request. ECF No. 86 at 3.

The motion is DENIED.

**IT IS SO ORDERED.**

Dated: April 20, 2026

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

2