**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BYRON ESTRADA, | Case No.  5:25-cv-02782-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTIONS TO DISMISS SECOND AMENDED COMPLAINT** |
| REAL TIME RESOLUTIONS INC., et al., | |
| Defendants. | [Re:  ECF Nos. 65, 67, 94] |

The Court dismissed pro se Plaintiff Byron Estrada's first amended complaint, *see* ECF No. 45 ("FAC"), on the ground that all claims were either contractually waived or otherwise legally deficient under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 63 ("FAC Order").  Defendants Real Time Resolutions, Inc. ("RTR") and Direct Default Services, LLC ("DDS") now move to dismiss the second amended complaint, *see* ECF No. 64 ("SAC").  Defendants have filed separate motions.  ECF No. 65 ("RTR Mot."); ECF No. 57 ("DDS Mot."); *see also* ECF No. 77 ("RTR Reply"); ECF No. 96 ("DDS Reply").  Mr. Estrada opposes the motions.  ECF No. 69 ("Opp. to RTR"); ECF No. 95 ("Opp. to DDS").  The Court finds the matter suitable for decision without oral argument and VACATES the hearing set for July 9, 2026.  *See* Civ. L.R. 7-1(b).

Because the SAC fails to remedy any of the defects identified in the FAC Order, the motions are GRANTED.

## I. BACKGROUND

The SAC is even more difficult to follow than the FAC.  *See* FAC Order at 1.  The core factual allegations in the SAC appear to be the same as the FAC,[1] alleging as follows.

---

[1] Mr. Estrada has inexplicably deleted much of the factual narrative and timeline that alleged in the FAC, removing dates of communications between the Parties and his loan history.  While the

United States District Court
Northern District of California

On September 14, 2006, Mr. Estrada obtained a loan in the amount of $70,900.00 ("Loan"), secured by a deed of trust on his home at 874 Lakewood Drive, Sunnyvale, CA 94089 ("Property") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"). SAC ¶¶ 7, 13, 16. By 2011 at the latest, Mr. Estrada defaulted on the loan. *Id.* ¶ 13. Mr. Estrada received a letter dated July 14, 2009, stating that RTR had begun servicing the Loan on July 13, 2009. *Id.* ¶ 16. On July 29, 2009, Mr. Estrada sent a letter to RTR requesting validation of the debt but did not receive a response. *Id.* ¶ 15.

Sometime in 2018, Mr. Estrada sent a qualified written request ("QWR") to RTR, requesting identification of the Loan beneficiary and the charge-off status of the debt; thereafter, RTR sent "incomplete QWR responses." SAC ¶ 17. Mr. Estrada sent additional QWRs to RTR and was dissatisfied with RTR's responses. *Id.* ¶ 25 ("RTR failed to provide the explicitly requested charged off [sic] info on [Mr. Estrada's] account and failed to provide the mandatory '**Notice of Duplication**' within the window . . . ."). In August 2021, DDS, on behalf of RTR, recorded a Notice of Default and Election to Sell Under Deed of Trust against the Property, with a nonjudicial foreclosure sale scheduled for June 2022. *Id.* Ex. 13.

Mr. Estrada retained Equity Legal LLP, and later McFarlin Law Group, to negotiate payment terms, and the nonjudicial foreclosure sale was rescheduled to July 18, 2022. SAC ¶¶ 18, 21. On July 1, 2022, Mr. Estrada received a proposed Temporary Payment Agreement from RTR, which he executed on the same day. *Id.* ¶ 30; *see also* SAC Ex. 2 ("TPA"). The timing of the TPA being sent (i.e., before the July 4 weekend) created an "**information vacuum**" that left Mr. Estrada and his counsel with "no reasonable alternative but to succumb to the pressure of the predatory timeline." SAC ¶ 21. The TPA included "unexpected legal waivers," *id.*, including the following:

> <u>Release of Claims by You</u>. As of the Effective Date, you, on behalf of yourself and your heirs, spouse(s), successors, and assigns, release and forever discharge (i) RTR[,] (ii) GSAA Trust 2007-Sl, and (iii) their respective principals, owners, predecessors, successors,

Court's analysis is based on the allegations set forth in the SAC, the Court takes judicial notice of the FAC and the factual allegations therein, which it construes as binding factual admissions given Mr. Estrada's failure to explain why those allegations have been deleted. *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859 (9th Cir. 1995).

assigns, affiliates (including any parent, subsidiary, or division), and their respective directors, officers, attorneys, employees, agents, representatives, and insurers (collectively, the "Released Parties") from and against any and all legal actions, suits, claims, liabilities, debts, accounts, promises, injuries, damages, attorney's fees, causes of action, and demands of every kind and character, known or unknown, in any jurisdiction, without limit (whether at law or in equity), arising out of, or in any manner related to the Account, the Note, the DOT, the Property, any modification of the Note, any collection activity by RTR, or any other known or unknown transactions or activities between/among you and the Released Parties from the beginning of the world through the Effective Date, including, without limitation, servicing, non-judicial foreclosure, collection, the mailing of letters, the sending of billing statements, credit reporting or other related activities.

TPA ¶ 3.

Mr. Estrada brought claims against RTR and DDS for (1) wrongful foreclosure, (2) breach of the covenant of good faith and fair dealing, (3) fraud, (4) quiet title, (5) declaratory relief, (6) rescission of contract, (7) intentional infliction of emotional distress ("IIED"), (8) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, (9) breach of fiduciary duty, (10) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, (11) violation of California Civil Code § 2924.17, (12) unfair business practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, (13) negligent misrepresentation, and (14) promissory estoppel.  FAC ¶¶ 59–116.

The Court dismissed the FAC with leave to amend as to Mr. Estrada's fraud claim against RTR and Mr. Estrada's fraud, quiet title, declaratory relief, IIED, and UCL claims against DDS. FAC Order at 16.

## II.    LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023).  The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A

3

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Rule 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In deciding whether to grant leave to amend, the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital*. In Eminence Capital, the Ninth Circuit identified several factors to consider, including (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *See* 316 F.3d at 1052.

## III.   DISCUSSION

### A.  RTR's Motion

"To state a cause of action for fraud, a plaintiff must allege (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Williamson v. Reinalt-Thomas Corp.*, No. 11-cv-03548-LHK, 2012 WL 1438812, at *13 (N.D. Cal. Apr. 25, 2012) (internal quotation marks omitted) (quoting *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1140–41 (C.D. Cal. 2003)). A plaintiff must plead each element of fraud with particularity. Fed. R. Civ. P. 9(b); *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).

Mr. Estrada's fraud claim relies on two purported misrepresentations. First, Mr. Estrada alleges that RTR's representation that the total payoff balance was $196,582.77 was "mathematically and legally false" because it "included $114,902.58 in 'zombie interest' that RTR knew was uncollectible because the loan had been internally charged off during a multi-year period of total silence, during which RTR failed to provide the periodic statements required by TILA Regulation Z." SAC ¶ 31. Second, Mr. Estrada alleges that "Defendants RTR and DDS intentionally concealed that they shared the same legal counsel (Genail Nemovi)" and that "[t]his

*United States District Court*
*Northern District of California*

relationship was wrongful because it allowed the Lender (RTR) to control the 'neutral' Trustee (DDS) to time the foreclosure sale during a holiday court closure, creating an information vacuum." *Id.* ¶ 32; *see also id.* ¶ 33 ("By sharing legal counsel (Genail Nemovi), [DDS] ceased to be a neutral third party and became a mere instrumentality of [RTR].").  RTR argues that Mr. Estrada's fraud claim[2] must be dismissed because he fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9.  *See* RTR Mot. at 4–7.  The Court agrees.

With regard to the total payoff balance, the SAC fails to allege the factual basis for Mr. Estrada's belief that the balance improperly included "'zombie interest' that RTR knew was uncollectible," relying only on the conclusory assertion that it was uncollectible for unidentified failures to comply with TILA's implementing regulations.  SAC ¶ 31.  On this basis alone Mr. Estrada fails to state a claim.  *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).  Mr. Estrada's citations to TILA, *see* Opp. at 5, are both wrong on the law and, even if taken as true, would not demonstrate that RTR possessed the requisite intent to defraud him.

With regard to the conflict of interest, the Court previously addressed this alleged misrepresentation in rejecting Mr. Estrada's unconscionability argument (based on fraud) "that the TPA cannot be enforced because RTR's attorney during the foreclosure (Genail M. Nemovi) was also the registered agent for service of process for DDS," explaining that Mr. Estrada fails to "explain what that conflict was, how it caused him to sign the TPA, or how that conflict made enforcement of the TPA unfair."  FAC Order at 5.  Mr. Estrada still fails to explain how Ms. Nemovi serving as an agent for service of process for DDS created a conflict of interest or allowed RTR to "control[] both the negotiation and the threat of sale."  Opp. at 5.  In any case, the SAC's allegation that failure to disclose Ms. Nemovi's role "was a material omission," SAC ¶ 32, is necessarily insufficient because Mr. Estrada nowhere alleges that RTR had any duty to make

---

[2] Despite the Court's admonition that "[n]o new claims or parties may be added without leave of the Court," FAC Order at 16, the SAC includes claims for declaratory relief and violation of the UCL.  SAC ¶¶ 46–53, 54–61.  Mr. Estrada represents that these claims were inadvertently included as a "clerical error."  Opp. to DDS at 3.  These purported claims need not be considered. In any case, the Court notes that claims for declaratory relief and violation of the UCL would be subject to dismissal on the merits because they fail with Mr. Estrada's fraud claim; the Declaratory Judgment Act does not provide an independent jurisdictional basis for suit in federal court, and Mr. Estrada's putative UCL claim is predicated on his fraud claim, *see id.* ¶ 54.

United States District Court
Northern District of California

United States District Court
Northern District of California

such a disclosure.  Finally, Mr. Estrada also fails to explain how he relied on this purported omission in signing the TPA.

### B.  DDS's Motion

Mr. Estrada's fraud claim against DDS is subject to dismissal for the reasons described *supra*.  Neither the representation of the outstanding Loan balance nor the failure to disclose Ms. Nemovi's role to Mr. Estrada's satisfaction has been adequately pleaded as actionable fraud.

To state a cause of action for quiet title, a plaintiff must allege: (1) a legal description of the property that is the subject of the action; (2) the title of the plaintiff and the basis upon which such title is asserted; (3) the adverse claims to the title of the plaintiff against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the plaintiff against the adverse claims. Cal. Civ. Proc. Code § 761.020. Mr. Estrada's quiet title claim is subject to dismissal because he still fails allege superior and adverse title.  Moreoever, Mr. Estrada's various arguments for why he nonetheless states a claim fail because, as he concedes, "no foreclosure is currently 'pending.'"  Opp. at 6.  Mr. Estrada's declaratory relief claim is not an independent basis for jurisdiction and falls with the quiet title claim. *See* FAC Order at 10–11.  The SAC simply reasserts quiet title on the theory that DDS recorded void foreclosure documents based on the aforementioned conflict of interest created by Ms. Nemovi, which does nothing to cure the failure to plead this required element of the claim.

The elements of a prima facie case for the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.  *Sams v. Cnty. of Riverside*, No. 17-cv-01848-SVW-SS, 2018 WL 1474333, at *10 (C.D. Cal. Mar. 26, 2018).  Mr. Estrada's IIED claim is subject to dismissal for failure to allege extreme and outrageous conduct—as a matter of law, sending over the TPA before the July 4 weekend and failing to notify Mr. Estrada that RTR's attorney was an agent for service of process for DDS do not constitute extreme and outrageous conduct.

Mr. Estrada's UCL claim is subject to dismissal because the SAC does not plausibly allege

6

wrongful conduct.

### C. Leave to Amend

The motions are GRANTED.  The Court has accommodated Mr. Estrada's requests for extensions of time, *see* ECF Nos. 42, 54, and already given Mr. Estrada the opportunity to amend.  Mr. Estrada's amendments did not remedy any of the problems in the FAC, and the Court has no reason to conclude that a third amended complaint would be anything but futile.  Dismissal is without leave to amend.

The Court has also reviewed Mr. Estrada's "motion for leave to file a supplemental pleading."  ECF No. 94.  Federal Rule of Civil Procedure 15 provides that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."  Fed. R. Civ. P. 15(d).  Mr. Estrada seeks to introduce through a supplemental pleading "a new May 14, 2026 collection letter from Sokolof Remtulla LLP introducing a brand-new 'Current Lender' entity (GSAA Home Equity Trust 2007-Sl), a subsequent May 28, 2026 statutory debt-validation dispute under 15 U.S.C. § 1692g(b), and critical June 2026 discovery defaults and automatic deemed admissions under FRCP 36(a)(3)."  ECF No. 94 at 3.  Despite Mr. Estrada's conclusory speculation that these post-SAC allegations constitute "new evidence of ongoing misrepresentation, concealment, and a direct violation of" regulatory requirements, *id.* at 6, they are utterly disconnected from the causes of action on which the Court granted leave to amend and "cannot be used to introduce a "separate, distinct and new cause of action." *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).  The motion is accordingly DENIED.  For the avoidance of doubt, nothing in Mr. Estrada's proposed supplemental pleading cures the defects in the SAC.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) RTR's motion to dismiss is GRANTED.  DDS's motion to dismiss is GRANTED. Mr. Estrada's motion at ECF No. 94, is DENIED.

United States District Court
Northern District of California

(2) Mr. Estrada's claims are DISMISSED WITH PREJUDICE.  All pending motions and deadlines are TERMINATED.

(3) The Court will enter judgment for Defendants and against Mr. Estrada and close this case.

Dated:  July 2, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

8